Anerio V. Altman, Esq. #228445
Law Office of Anerio V. Altman
27031 Vista Terrace #209
Lake Forest, CA 92630
Phone (949) 218-2002
Fax (949) 315-3212
avaesq@cox.net

**ATTORNEY FOR DEBTOR
TIM BECKERING**

## UNITED STATES BANKRUPTCY COURTS
## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In Re: TIM BECKERING | Case No.: 8:08-bk-17827-TA |
| TIM BECKERING, individual | Adv. No: To Be Assigned By the Court |
| Plaintiff and Debtor | **Chapter 7** |
| v. | **COMPLAINT FOR TWENTY FOUR VIOLATIONS OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 BY CREDITORS BANK OF AMERICA AND FIA CARD SERVICES** |
| BANK OF AMERICA, a Delaware Corporation, FIA CARD SERVICES, a business entity, form unknown | 11 USC § 362 |
| Defendants and Creditors | **JUDGE** THEODOR ALBERT |
| | **TRUSTEE** TOM CASEY |

TIM BECKERING ("Plaintiff", "Debtor") brings this complaint for twenty four violations of the Automatic Stay pursuant to 11 U.S.C. § 362(k)(1) against Creditor BANK OF AMERICA, a Delaware Corporation and their agent F.I.A. CARD SERVICES, a business entity, form unknown ("Creditors", "Creditor", and/or "Defendant" or "Defendants") for the violation

- 1 -

ADVERSARY COMPLAINT

Main Document    Page 2 of 9

of 11 USC § 362(a)(6) in collecting upon a debt stayed by the court's order for relief entered on November 26, 2008.

## INTRODUCTION

1. This is a complaint for actual, punitive damages and a declaratory judgment for the actions of Defendants in collecting upon a debt stayed from collection by the injunction of 11 U.S.C. § 362(A)(6).

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to the provisions of 11 U.S.C 700 et. seq. and 11 U.S.C. 300 et. seq. of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property of the Debtor in that case.

3. This court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1334 and pursuant to 28 U.S.C. § 157(b)(2) in that this is a "core" proceeding regarding the court's ability to enforce the stay injunction of 11 USC § 362(A)(6).

4. Venue is appropriate in this court pursuant to 28 U.S.C. § 1409(a).

5. The underlying bankruptcy case was commenced on November 26th, 2008 by the filing by the Debtor of a voluntary petition under Chapter 13 of the Bankruptcy Code.

6. The Plaintiff in this case was a debtor under Chapter 13 of Title 11 of the United States Code, and Chapter 7 of Title 11 of the United States Code, as of February 23, 2009 in case number 8:08-bk-17827.

7. Debtor has standing to seek the relief identified in this Complaint pursuant to 11 USC § 362(k)(1).

8. Plaintiff is informed and believes and thereon alleges that Defendant Bank of America, is a Delaware Corporation, and that Defendant FIA Card Services is a business entity, form unknown acting as an agent for Defendant Bank of America.

ADVERSARY COMPLAINT

of 11 USC § 362(a)(6) in collecting upon a debt stayed by the court's order for relief entered on November 26, 2008.

## INTRODUCTION

1. This is a complaint for actual, punitive damages and a declaratory judgment for the actions of Defendants in collecting upon a debt stayed from collection by the injunction of 11 U.S.C. § 362(A)(6).

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to the provisions of 11 U.S.C 700 et. seq. and 11 U.S.C. 300 et. seq. of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property of the Debtor in that case.

3. This court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1334 and pursuant to 28 U.S.C. § 157(b)(2) in that this is a "core" proceeding regarding the court's ability to enforce the stay injunction of 11 USC § 362(A)(6).

4. Venue is appropriate in this court pursuant to 28 U.S.C. § 1409(a).

5. The underlying bankruptcy case was commenced on November 26th, 2008 by the filing by the Debtor of a voluntary petition under Chapter 13 of the Bankruptcy Code.

6. The Plaintiff in this case was a debtor under Chapter 13 of Title 11 of the United States Code, and Chapter 7 of Title 11 of the United States Code, as of February 23, 2009 in case number 8:08-bk-17827.

7. Debtor has standing to seek the relief identified in this Complaint pursuant to 11 USC § 362(k)(1).

8. Plaintiff is informed and believes and thereon alleges that Defendant Bank of America, is a Delaware Corporation, and that Defendant FIA Card Services is a business entity, form unknown acting as an agent for Defendant Bank of America.

Case 8:09-ap-01306-TA    Doc 1    Filed 04/29/09    Entered 04/29/09 17:06:55    Desc
Main Document    Page 3 of 9

Case 8:09-ap-01306-TA    Doc 1    Filed 04/29/09    Entered 04/29/09 17:06:55    Desc
Main Document    Page 3 of 9

Defendant Bank of America is a listed creditor of the Plaintiff's estate in Bankruptcy Case 8:08-bk-17827.

9. The 341(A) meeting of creditors was held and concluded in Santa Ana, California on April 14th, 2009[1].

10. The Chapter 7 Trustee Thomas Casey entered a "No Asset" report in this case on April 23rd, 2009[2].

## FACTS

11. Debtor filed a Bankruptcy Petition on December 21, 2007 which was assigned case #8:08-bk-17827-TA.[3]

12. Debtor listed Defendant Bank of America as a creditor on his initially filed petition.[4]

13. Debtor alleges, on information and belief, that Defendant Bank of America is a lender engaged in consumer lending, and owner of the credit card account with account #4339930008847776[5].

15. At the time of filing, Debtor listed Defendant Bank of America as a Creditor owed approximately $10,482.31[6].

16. Defendant Bank of America had been sent the following notices:

A. Notice of the Automatic Stay and 341A notice which was mailed to the Defendant on December 3rd, 2008. This same notice was transmitted

---

[1] See Exhibit A.

[2] By this reference the Debtor asks the Court to take judicial notice of entry #28 on the court's docket in case #8:08-bk-17827-TA.

[3] By this reference the Debtor asks the Court to take judicial notice of entry #1 on the court's docket in case #8:08-bk-17827-TA.

[4] See Exhibit B.

[5] Id.

[6] Id.

electronically to the Defendant at an address provided by Defendant Bank of America to the court December 3rd, 2009.[7]

B.   Debtor's Notice of 341A Hearing and Chapter 13 Plan mailed to Defendant Bank of America on December 19th, 2009[8].

C.   Debtor's Notice of Conversion on February 24, 2009 which was mailed to Defendant Bank of America[9].

D.   Notice of Automatic Stay and 341A notice which was mailed to Defendant Bank of America on March 6th, 2009. This same notice was transmitted electronically to Defendant Bank of America, at an address provided by Defendant Bank of America to the court, March 6th, 2009[10].

16.   Defendant Bank of America, by and through their agent FIA Card Services, contacted Plaintiff by the use of text messages to his cell phone number of 949-981-3247 on at least five occasions after December 1, 2008. These text messages stated as follows[11]:

A.   "We have been trying to reach you, this is FIA card services at 866-913-2932.";

B.   "Please call FIA Card Services today at 866-926-9731 about your account."

C.   "Important FIA Card Services Alert! It is important that we talk to you about your account. Please call 866-813-2354."

---

[7] Exhibit C.

[8] Exhibit D.

[9] Exhibit E

[10] Exhibit A *supra*.

[11] See Exhibit F

- 4 -

ADVERSARY COMPLAINT

D. "Important FIA Card Services Alert! It is important that we talk to you about your account. Please call 866-813-2354."

E. "Important FIA Card Services Alert! It is important that we talk to you about your account. Please call 866-813-2354."

17. Defendant Bank of America, by and through their agents and/or employees, contacted Plaintiff by telephone on the following occasions[12]:

A. Plaintiff received a voice mail message on or after December 31, 2008 from a person identifying themselves as Sharon Mathews who stated that she was calling from Bank of America and she left a phone number of 877-640-5433, extension 30261 for the Plaintiff to return her call for the purpose of discussing the Plaintiff's account.

B. Plaintiff received a voice mail message from an individual who identified herself as "Karen" who called the Plaintiff on or around February 26, 2009 at 3:08 P.M. on behalf of "Bank of America Card Services" requesting that the Plaintiff call her back to discuss the business account for "TWB Construction."

C. Sometime after February 26, 2009 the Plaintiff received a voice mail from an individual who identified herself as "Latitia Robinson" calling on behalf of "Bank of America Card Services" in regards to the Business Visa Account for TWB Construction who instructed the Plaintiff that the Plaintiff needed to contact the Defendant's agent at 1-866-926-9228 extension 18723 within 24 hours as they would be making a "final decision".

D. Defendant contacted Plaintiff on or around March 4th, 2009 at 9:35 A.M. the Plaintiff received a voicemail from an individual identifying themselves as "Sharon Mathews" at 1-877-640-5433 extension 30261 on behalf of Bank of America Card Services instructing the Debtor to call her back immediately as they

---

[12] See Exhibit F.

would be making a "final decision" regarding the Debtor's business account for TWB Construction.

E. Defendant, by way of their agent, contacted the Plaintiff on the following dates by telephone from an individual known as "Karen" on behalf of Bank of America Card Services instructing the Debtor to call her "immediately" at 1-877-640-5433 extension 31852:

1. March 11, 2009 on or around 11:01 A.M.;

2. March 17, 2009 on or around 12:07 P.M.;

3. March 18, 2009 on or around 3:29 P.M.;

4. March 19, 2009 on or around 1:53 P.M.;

5. March 23, 2009 on or around 11:30 A.M. and during this call the Debtor was also instructed that it was "very important" that he called immediately;

6. March 24, 2009 on or around 11:26 A.M.;

7. March 26, 2009 on or around 1:33 P.M., and on this call the Debtor was instructed that it was "very important" that he called them immediately;

8. March 27, 2009 on or around 12:13 P.M.;

9. March 30, 2009 on or around 11:00 A.M.; and

10. March 31, 2009 on or around 8:30 A.M. and the Debtor was instructed that if he did not call them back immediately that they would make a final decision "today" and that she had some "aggressive settlement offers" to tell the Debtor about to settle the account.

18. The Plaintiff received one other call after April 1st, 2009 but before April 20th, 2009 from "Karen" but the Debtor terminated the call after "Karen" had identified herself as calling from Bank of America. The voice that the Debtor heard was

- 6 -

ADVERSARY COMPLAINT

1. similar to the voice of "Karen" that Debtor recalled from previous calls with a "Karen" who had identified herself as calling from Bank of America[13].

19. The Plaintiff received letters from both Bank of America and FIA Card Services, copies of which are attached as "Exhibit F" after November 2, 2008[14].

## FIRST CAUSE OF ACTION
## TWENTY FOUR VIOLATIONS OF THE COURT'S STAY INJUNCTION UNDER 11 U.S.C. § 362

20. Plaintiff re-alleges and incorporates paragraphs 1 through 19 herein by this reference.

21. Defendant Bank of America, and Defendant FIA Card Services, separately and as agent for Defendant Bank of America, violated the court's stay injunction under 11 U.S.C. § 362 while possessing actual and constructive notice of the court's stay injunction.

22. 11 U.S.C. § 362(a)(6) states:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

23. Plaintiff has the right to bring a cause of action for the violation of the automatic stay under 11 U.S.C. 362(k)(1). 11 U.S.C §362(k)(1) states:

11 U.S.C. 362(k)(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

---

[13] Id.

[14] Id.

- 7 -

ADVERSARY COMPLAINT

24. Defendant Bank of America, by and through its agents, violated the injunction of 11 U.S.C. 362(a)(6) by contacting Plaintiff by texting, telephone and mail correspondence.

25. FIA Card Services, individually and as agent for Defendant Bank of America, violated the injunction of 11 U.S.C. 362(a)(6) by contacting Plaintiff by texting, telephone and mail correspondence.

26. As a result of the Defendants' actions, the Plaintiff has been harmed by the Defendants' demands for unrecoverable pre-petition debts in that his piece of mind provided by the automatic stay has been violated.

**PRAYER FOR RELIEF**

Based on the foregoing, the DEBTOR requests the following:

1. Actual and Punitive damages for the twenty four violations of the court's stay injunction under 11 USC § 362;

2. A declaratory judgment that Defendants have willfully violated the automatic stay;

2. Attorney's fees and costs incurred for bringing this suit; and

3. Any other relief the court finds just and proper.

Dated: 4/26/2009                    Signed: /S/ ANERIO V. ALTMAN, ESQ.
                                    Anerio V. Altman, Esq.
                                    Attorney for Debtor and Plaintiff
                                    TIM BECKERING

## REQUEST FOR JURY TRIAL

Plaintiff Tim Beckering hereby requests a trial by jury on this matter.

Dated: 4/26/2009                Signed: /S/ ANEERIO V. ALTMAN, ESQ.

                                                  Anerio V. Altman, Esq.

                                                  Attorney for Plaintiff

                                                  TIM BECKERING